# THE ATTORNEY GENERAL
## OF TEXAS
ATTORNEY GENERAL


July 27, 1964

Honorable J. N. Nutt
Commissioner of Insurance
State Board of Insurance
Austin, Texas 78701

Opinion No. C-287

Re: Whether County
Mutual Insurance
Companies organ-
ized and operating
under Chapter 17
of the Texas Insur-
ance Code and quali-
fied to write casualty
lines for state wide
operation may write
all lines of automo-
bile insurance on all
motor vehicles in
addition to those
enumerated in Art.
17.01, Texas Insur-
ance Code.

Dear Sir:

You have requested our answer to the following question:

"Are County Mutual Insurance Companies which
are organized and operated under Chapter 17 of
the Insurance Code, qualified to write casualty
lines for state wide operation, authorized to
write all lines of automobile insurance only on
those vehicles defined, enumerated or listed in
Article 17.01 of the Code, or may such companies
write all lines of automobile insurance on all
motor vehicles as that term is used or defined
in Article 5.01 of the Code, specifically includ-
ing taxicabs, long haul trucks and other motor
vehicles used for commercial purposes or for hire?"

Your request noted certain prior Attorney General's
opinions which dealt with various facets of this general
problem and are of assistance in answering this question.
Attorney General's Opinion S-168, held that, by meeting
the requirements of Art. 17.25, of the Texas Insurance Code,
as amended, a County Mutual Insurance Company could write
liability insurance on automobiles. This opinion dealt
with the amendment found in Acts 1955, 54th Leg., Chap 117,

which was an extension of the specific authority found in
Art. 17.01 of the Texas Insurance Code as to types of insur-
ance coverage available to County Mutual Insurance Companies.
Attorney General's Opinion WW-532, held that by maintaining
a surplus of $225,000.00, which is equal to the minimum re-
quirement for stock companies writing similar lines of insur-
ance, county mutuals could write all lines of automobile
insurance. Your current request requires us to resolve the
question of whether the holding in Attorney General's Opinion
WW-532 included the authority to write all lines of insur-
ance on all automobiles or simply all types of coverage on
those vehicles enumerated in Art. 17.01.

The salient facts covering the background and historical
development of County Mutual Insurance Companies are as follows:

1. The financial requirements for the formation
of County Mutual Insurance Companies were initially
quite limited. Acts 1937, 45th Leg., Ch. 99.

2. The surplus requirements have been strengthened
until they are as stringent as those imposed on
stock companies writing all lines of automobile
insurance state wide. Article 17.11 (c), T.I.C.,
as amended.

3. In addition to the surplus requirements,
a County Mutual Insurance Company is prohibited
from assuming a risk on any one hazard greater
than five (5%) per cent of its assets, unless
such excess shall be promptly reinsured. Art.
17.25, Sec. 1, T.I.C.

4. County Mutual Insurance Companies are sub-
ject to the uniform automobile policy provisions
of the Texas Insurance Code. Attorney General's
Opinion WW-401.

The authority of County Mutual Insurance Companies to
write certain lines of insurance was originally stated in
Article 17.01 of the Texas Insurance Code. This authority
was broadened in 1955 to read as follows:

" . . . County Mutual Insurance Companies
qualifying to write casualty lines for State Wide
operation may write all lines of automobile in-
surance. . . ." Acts 1955, 54th Leg., p. 413,
Ch. 117, § 37A, Art. 17.25, Sec. 1, T.I.C.
(Emphasis added.)

Article 17.22 of the Texas Insurance Code exempts County Mutual Insurance Companies from the operation of all other insurance laws of this State with certain exceptions. While Art. 5.01 of the Texas Insurance Code is not controlling in determining the meaning of "all lines of automobile insurance," it is a legislative definition of the term "automobile insurance."

Article 5.01 provides in part as follows:

"Motor vehicle or automobile insurance as referred to in this subchapter shall be taken and construed to mean every form of insurance on any automobile or other vehicle hereinafter enumerated and its operating equipment or necessitated by reason of the liability imposed by law for damages arising out of the ownership, operation, maintenance, or use in this State of any automobile, motorcycle, motorbicycle, truck, truck-tractor, tractor, traction engine, or any other self-propelled vehicle, and including also every vehicle, trailer or semitrailer pulled or towed by a motor vehicle, but excluding every motor vehicle running only upon fixed rails or tracks. Workmen's Compensation Insurance is excluded from the foregoing definition."

The term "automobile insurance" is defined in 7 Tex.Jur.2d 228, Insurance Sec. 1, as follows:

"For the dual purpose of standardization and convenience, the term 'automobile' is applied in a broad sense by automobile insurers. As used by such insurers, the term refers not only to passenger cars, but also to trucks, tractors, motor-propelled farm machinery, and various other types of motor vehicles. Furthermore, as thus employed the term 'automobile' is as comprehensive as the term 'motor vehicle.'"

Automobile is defined in Black's Law Dictionary, (4th Ed., 1951), 169, as follows:

"A vehicle for the transportation of persons or property on the highway, carrying its own motive power and not operated upon fixed tracks."

In Couch on Insurance (2d Ed. 1959) Sec. 1:20, p. 49, we find automobile insurance defined as:

"Automobile insurance assumes various forms, such as liability, property damage, collision, fire, theft, transportation, et cetera. When the term is used without qualification, it is generally understood that liability insurance or in other words, indemnity against liability for personal injuries or for losses sustained by reason of injuries inflicted as a result of the operation of the insured car, is intended."

After study of the Texas Insurance Code and the above mentioned definitions, we are of the opinion, and you are advised that since the Legislature placed no restrictions upon the term "all lines of automobile insurance," it is to be given the fullest meaning, which includes, but is not restricted to, the definition found in Art. 5.01.

## SUMMARY

County Mutual Insurance Companies organized and operating under Chapter 17 of the Texas Insurance Code and qualified to write casualty insurance state wide, may write all lines of automobile insurance on all motor vehicles.

Yours very truly,

WAGGONER CARR
Attorney General of Texas

R. E. RICHARDS
Assistant Attorney General

APPROVED:

OPINION COMMITTEE:

W. V. GEPPERT, Chairman

Joe R. Long

Ed Bolding

J. S. Bracewell

Paul Phy

APPROVED FOR THE ATTORNEY GENERAL

BY: Stanton Stone